# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 2:08-CR-26 JCM (RJJ) |
|---|---|
| Plaintiff, | |
| v. | |
| EDWARD J. PEREZ, | |
| Defendant. | |

**ORDER**

Presently before the court is the United States of America's ("the government") motion for order (1) waiving attorney-client privilege to address allegations in petitioner's 28 U.S.C. § 2255 motion and (2) ordering petitioner's former attorney to provide information. (Doc. #82). The government simultaneously filed a motion to extend time to respond to petitioner Edward J. Perez's 28 U.S.C. § 2255 motion. (Doc. #83). Petitioner did not file a response to these motions.

Also before the court is petitioner's motion for summary judgment. (Doc. #85). The government filed an opposition. (Doc. #86). Petitioner did not file a reply.

Petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence alleges ineffective assistance of counsel. (Doc. #78). The allegations in petitioner's 28 U.S.C. § 2255 motion include privileged communications between petitioner and his former attorney. (*See* Doc. #78). The government asserts that information from petitioner's former attorney, William Carrico, is necessary to respond to petitioner's allegations. (Doc. #82). Specifically, the government requests an order waiving the attorney-client privilege "as to all contentions raised in defendant's 28 U.S.C.

**James C. Mahan**
**U.S. District Judge**

1  § 2255 motion" and that William Carrico "provide an affidavit responding to defendant's allegations
2  forthwith." (Doc. #82).

3  "[V]oluntary disclosure of the content of a privileged attorney communication constitutes
4  waiver of the privilege as to all other such communications on the same subject." *Weil v.*
5  *Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 24 (9th Cir. 1981). Further,
6  "[t]he privilege which protects attorney-client communications may not be used both as a sword and
7  a shield. Where a party raises a claim which *in fairness* requires disclosure of the protected
8  communication, the privilege may be implicitly waived." *United States v. Ortland*, 109 F.3d 539,
9  543 (9th Cir. 1997) (emphasis in original) (quoting *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156,
10 1162 (9th Cir. 1992)).

11  Based on the facts of this case, the court finds that it is appropriate to enter an order waiving
12 the attorney-client privilege as to all contentions raised in petitioner's 28 U.S.C. § 2255 motion and
13 further ordering William Carrico to provide an affidavit responding to petitioner's allegations.

14  Petitioner's motion for summary judgment argues that the court should grant summary
15 judgment because the government failed to respond to his 28 U.S.C. § 2255 motion. (Doc. #85).
16 In its opposition, the government notes that it needs the attorney-client information from William
17 Carrico before it can file an opposition. (Doc. #86).

18  Accordingly,

19  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the government's motion
20 for order (1) waiving attorney-client privilege to address allegations in petitioner's 28 U.S.C. § 2255
21 motion and (2) ordering petitioner's former attorney to provide information (doc. #82) be, and the
22 same hereby is, GRANTED.

23  IT IS FURTHER ORDERED that the attorney-client privilege is waived as to all contentions
24 raised in petitioner's 28 U.S.C. § 2255 motion. William Carrico shall provide an affidavit
25 responding to petitioner's allegations.

26  IT IS FURTHER ORDERED that the United States of America's motion to extend time to
27 respond to petitioner Edward J. Perez's 28 U.S.C. § 2255 motion (doc. #83) be, and the same hereby
28

**James C. Mahan**
**U.S. District Judge**

is, GRANTED.  The United States shall have 30 days from the date William Carrico provides an affidavit responding to petitioner's allegations to file an opposition to petitioner's 28 U.S.C. § 2255 motion.  Petitioner may file a reply brief within 30 days of the date the government files its opposition.

IT IS FURTHER ORDERED that petitioner's motion for summary judgment (doc. #85) be, and the same hereby is, DENIED as moot.

DATED February 27, 2012.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**