# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>EDWARD J. PEREZ,<br><br>    Defendant. | 2:08-CR-26 JCM (RJJ) |

## ORDER

Presently before the court is pro se petitioner Edward J. Perez's motion to vacate sentence pursuant to 28 U.S.C. § 2255. (Doc. #78). The United States filed an opposition. (Doc. #94). Petitioner failed to file a reply.

The parties are familiar with the facts of the case, and it is not necessary to detail the entire factual background here. Briefly, on October 8, 2007, officers from the Henderson Police Department responded to a dispatch call about two men near the intersection of Market and Army Streets in Henderson, Nevada. Officers approached petitioner and asked him for identification. Petitioner stated that his name was Eddie Gonzales and gave a birth date, but said he could not remember his social security number. When the officers attempted to verify this information, petitioner fled. During the ensuing chase, petitioner pulled a handgun out of the waistband of his pants. Petitioner then tripped, and the gun fell out of his hands. Subsequent testing revealed that the gun magazine recovered at the scene had petitioner's fingerprints on it.

**James C. Mahan**
**U.S. District Judge**

Petitioner was convicted after a jury trial on October 6 and 7, 2008. The parties stipulated that the firearm recovered at the scene traveled in interstate commerce and that petitioner was a convicted felon.

Petitioner appealed, arguing that this court committed plain error when it allowed the United States to introduce evidence of petitioner's flight and resisting arrest. The Ninth Circuit affirmed petitioner's conviction, finding that: (1) this court did not err, and (2) "even if there were plain error, it did not affect [petitioner's] substantial rights." (Doc. #74). The Ninth Circuit's opinion noted that the "evidence of [petitioner's] guilt was overwhelming." (Doc. #74).

The instant petition to vacate sentence asserts six grounds for relief, asserting that petitioner's counsel was ineffective because counsel failed: (1) to subpoena witnesses, (2) to instruct petitioner that he had a right to seek certiorari from the United States Supreme Court, (3) to secure impeaching and exculpatory video footage, (4) to visit petitioner during his pre-trial detention, (5) to submit evidence regarding petitioner's use of a false name, and (6) to file motions on petitioner's behalf. (Doc. #78).

The allegations in petitioner's 28 U.S.C. § 2255 motion include privileged communications between petitioner and his former attorney. (Doc. #78). Thus, the United States filed a motion for an order waiving attorney-client privilege (doc. #82), which the court granted (doc. #88). Petitioner's former attorney, William Carrico, filed an affidavit on April 17, 2012. (Doc. #89). The government then filed its response to the petition to vacate sentence on May 15, 2012. (Doc. #94).

**Motion To Vacate**

Pursuant to 28 U.S.C. § 2255, a person in custody under a judgment by a district court may file a motion under this section if he seeks a determination that (1) the judgment violates the Constitution or laws of the United States, (2) the court lacked jurisdiction to enter the judgment, (3) the sentence exceeded the maximum allowed by law, or (4) the judgment or sentence is otherwise subject to collateral review. "The district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary

dismissal." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

To establish ineffective assistance of counsel, a defendant must demonstrate that the counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases," and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 689).

**I.     Failure to subpoena witnesses**

Petitioner's first ground for relief asserts that his trial counsel was ineffective because he failed to subpoena witnesses at the scene of petitioner's arrest. Petitioner argues that these witnesses would have established that petitioner was racially profiled and did not resist arrest. (Doc. #78).

Petitioner was charged with possessing a firearm as a convicted felon, not with resisting arrest. (Doc. #1). The Ninth Circuit described the evidence against petitioner on the felon in possession charge as "overwhelming." (Doc. #74). The allegations in ground one of the petition do not implicate the jury's determination that petitioner was guilty of being a felon in possession of a firearm. Accordingly, petitioner has not demonstrated either prejudice or deficient performance in ground one of his § 2255 motion. *See Strickland*, 466 U.S. at 694.

**II.    Failure to instruct petitioner that he had a right to seek certiorari from the United States Supreme Court**

Petitioner's second ground for relief argues that his counsel was ineffective because counsel failed to (1) file a petition for writ of certiorari as requested by petitioner, and (2) inform petitioner that he had a right to seek review by the Supreme Court. (Doc. #78). Thus, petitioner asserts that he was prejudiced because he is now barred from exercising his full appellate rights.

In *Ross v. Moffitt*, 417 U.S. 600, 617-18, (1974), the United States Supreme Court held that the right to counsel does not extend to the filing of a petition for a writ of certiorari. "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481

James C. Mahan
U.S. District Judge

- 3 -

U.S. 551, 555 (1987).  The due process clause does "not includ[e] a right to the effective assistance of counsel[] for the filing of certiorari petitions." *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989)

Petitioner's second ground for relief fails because petitioner's counsel's alleged failure to inform petitioner of his right to file a petition for writ of certiorari and failure to file a petition for writ of certiorari do not implicate petitioner's constitutional rights. *See Miller*, 882 F.2d at 1433; *Ross*, 417 U.S. at 617-18.

### III. Failure to secure impeaching and exculpatory video footage

In ground three, petitioner argues that his counsel was ineffective because he failed to secure impeaching and exculpatory video footage of petitioner's arrest.  Petitioner asserts that if counsel had shown video footage at trial, it would have prevented the police officers from testifying that petitioner resisted arrest and that petitioner did not pull the firearm out of his waistband. (Doc. #78).

The affidavit from William Carrico states that "[a]ll video evidence that was available was obtained."  (Doc. #89).  The affidavit further asserts that the investigator assigned to this case reported serving subpoenas for video records in the area of the offense.  (Doc. #89).  Finally, the affidavit states that there "were no video cameras that could have recorded the front of the building where [p]etitioner was eventually arrested."  (Doc. #89).

The defense investigated the scene of the arrest and attempted to secure video footage of the relevant areas.  However, video footage of the area where petitioner was eventually arrested does not exist.  In light of Mr. Carrico's affidavit, petitioner has not demonstrated any prejudice or deficient performance by his counsel.

### IV. Failure to visit petitioner during his pre-trial detention

Petitioner's sixth ground for relief asserts that his counsel was ineffective because counsel failed to visit petitioner and explain the case prior to trial. (Doc. #78).  Thus, petitioner argues that he was unprepared for trial, and might have chosen not to go to trial if he had been fully aware of the consequences of going to trial. (Doc. #78).

James C. Mahan
U.S. District Judge

- 4 -

The affidavit from William Carrico contradicts petitioner's assertion that his counsel did not visit him during his pre-trial detention. (Doc. #89). Specifically, the affidavit states that counsel visited petitioner in May, August, and October of 2008. A copy of the entire discovery and case file was provided to the petitioner in August 2008, because petitioner claimed that his materials had been lost or taken. (Doc. #89). The affidavit asserts that during these meetings with petitioner, counsel discussed plea offers, whether to go to trial, and trial preparation. (Doc. #89).

Assuming for the purposes of this § 2255 petition that petitioner's counsel did not visit petitioner in jail, petitioner has not demonstrated that he was prejudiced by this alleged deficient performance. *See Strickland*, 466 U.S. at 694. As the Ninth Circuit noted, the evidence against petitioner was "overwhelming:" (1) petitioner stipulated that he was a convicted felon; (2) petitioner stipulated that the gun traveled in interstate commerce; (3) the recovered gun magazine bore petitioner's fingerprints; and (4) multiple officers gave consistent and detailed testimony about the events at issue. (Doc. #74). Therefore, any additional preparation that counsel could have offered petitioner was very unlikely to have changed the course of the trial.

Further, petitioner does not allege that counsel did not present him with plea offers. Instead, petitioner argues that he was unaware of the evidence that would be presented against him at trial. The affidavit establishes that counsel presented petitioner with plea offers from the United States. (Doc. #89). Further, the affidavit shows that petitioner was given copies of the discovery and case file. (Doc. #89). Therefore, petitioner has not demonstrated that his counsel's performance was either deficient or prejudicial. *See Strickland*, 466 U.S. at 694.

**V.     Failure to submit evidence regarding petitioner's use of a false name**

Petitioner's fifth ground for relief asserts that his counsel was ineffective when he failed to introduce at trial evidence that petitioner had his prison identification with him when he was booked into jail. (Doc. #78). Petitioner asserts that this evidence would have contradicted evidence that petitioner gave the officers a false name.

This argument fails to present an adequate grounds for relief because whether petitioner presented the officers with his prison identification is immaterial to his conviction for being a felon

James C. Mahan
U.S. District Judge

- 5 -

1  in possession of a firearm. Regardless of whether petitioner gave the officers a false name or a real
2  prison identification, the officers had grounds to arrest petitioner once he fled the scene and produced
3  the firearm. Accordingly, petitioner has not demonstrated that, "but for counsel's unprofessional
4  errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

**VI.     Failure to file motions on petitioner's behalf**

In his sixth ground for relief, petitioner asserts that his counsel was ineffective when he failed to file motions to dismiss because (1) the police lacked reasonable suspicion to stop petitioner, and (2) petitioner was not charged with resisting arrest. (Doc. #78).

Pursuant to *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968), police may make a brief investigatory stop of an individual. An officer must have a reasonable, articulable suspicion that criminal activity is afoot to make a *Terry* stop. *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000).

Here, officers approached petitioner and asked for his name. Petitioner gave a name and stated that he could not remember his social security number. While the police were attempting to verify the name petitioner provided, petitioner fled the scene. These actions satisfy the reasonable suspicion standard in *Terry*, and petitioner's counsel was not ineffective by failing to raise a nonmeritorious issue. *See Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) (stating that the failure to raise a meritless legal argument does not constitute ineffective assistance of counsel).

Additionally, prosecutors have broad discretion over what charges to bring. *United States v. Wilkerson*, 208 F.3d 794, 799 (9th Cir. 2000). Thus, petitioner's argument that his counsel should have filed a motion to dismiss because the prosecution did not charge petitioner with resisting arrest is meritless.

. . .

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that pro se petitioner Edward J. Perez's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (doc. #78) be, and the same hereby is, DENIED.

DATED July 6, 2012.

_____
**UNITED STATES DISTRICT JUDGE**