UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>EDWARD J. PEREZ,<br><br>Defendant(s). | Case No. 2:08-CR-26 JCM (RJJ)<br><br>ORDER |

Presently before the court is defendant Edward Perez's *pro se* motion requesting the court run his federal supervised release sentence concurrently with his state custodial sentence. (ECF No. 120). The government filed an untimely response. (ECF No. 123).

Also before the court is the government's motion to extend time to respond. (ECF No. 122). For the reasons stated below, the court denies the defendant's motion. Accordingly, the court also denies the government's motion as moot.

Perez was convicted and sentenced for unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) in 2008. (ECF No. 53). Perez commenced a 3-year term of supervised release in 2014 after serving his custodial sentence. (ECF No. 114). The U.S. Probation Office filed a petition to revoke Perez's supervised release shortly before its completion in 2017. (ECF No. 116). The court issued a warrant, which is still outstanding. (*Id*.).

Perez informs the court he is currently serving a state custodial sentence and requests this court combine that sentence with the remainder of his federal supervised release term. (ECF No. 120). Perez does not provide supporting law. (*Id*.). Construing defendant's pro se motion liberally; *see, e.g.*, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000); the court finds it lacks statutory authority to grant the defendant's motion.

**James C. Mahan**
**U.S. District Judge**

[U]nder 18 U.S.C. § 3624(e), a "term of supervised release does not run during any period" in which the defendant is imprisoned for a state crime. 18 U.S.C. § 3624(e). The plain language of the statute precludes the running of supervised release terms concurrently with custody. *United States v. Crane*, 979 F.2d 687, 691 (9th Cir. 1992). Therefore, while Perez is incarcerated in connection with his state conviction, his federal supervised release term is tolled, and he cannot receive credit for time served.

Because the court finds independent grounds to deny defendant's motion, the court does not need to consider the government's response.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to combine his supervised release term with custody (ECF No. 120) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the government's motion to extend time to respond (ECF No. 122) be, and the same hereby is, DENIED as moot.

DATED August 26, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -